THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. EDWARD L. HORTON, PLAINTIFF IN ERROR.

Submitted January 29, 1932—Decided October 31, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff in error, *Harry E. Newman.*

For the state, *James M. Davis,* prosecutor of the pleas.

The opinion of the court was delivered by

PARKER, J. The defendant below was convicted of the statutory crime of carnal abuse of a female over twelve and under sixteen years, and brings this writ of error. The case is before us both on strict writ of error and under section 136 of the Criminal Procedure act.

Several alleged errors are argued, but we find it unnecessary to deal with any of them except the admission over defendant's objection of a certified copy of a certificate of the girl's birth, as claimed to have been filed in Pennsylvania. The prosecutor frankly concedes that the certificate in the form submitted was not according to the amendment of 1912 (*Pamph. L.,* p. 466) to the Evidence act, and rests on the proposition that the error in admitting it was harmless, as the girl's age was otherwise fully established.

We agree that the certificate was not competent as offered, but cannot agree that it was harmless. That the girl was under sixteen years of age was the crux of the case. Unless that were lawfully shown, the first count of the indictment could not be proved. The second count, for rape, was out of the case as there was no evidence of force or compulsion. The third count was for simple assault, which of course is a misdemeanor of low grade.

There are cases, of course, in which similar errors have been held harmless. In *Den* v. *Steelman,* 16 *N. J. L.* 66, informal record was introduced, and on motion for new trial (in which the element of discretion always plays an important part), Chief Justice Hornblower held that the error was more formal than substantial, saying, "if this testimony (*sic*) had been material, or could have had any influence on the verdict of the jury, I should hesitate before I gave it my sanction." Other cases are *Graham* v. *Whitely,* 26 *Id.* 254, 260; *Castelbaum* v. *Wolfson,* 92 *Id.* 165; *Interstate, &c., Co.* v. *Steiger,* 3 *N. J. Mis. R.* 430; *Dombrowski* v. *Olowski,* 4 *Id.* 105; *Richard* v. *Spagna,* 5 *Id.* 33; *affirmed,* 103 *N. J. L.* 711, and *Marcus* v. *St. Paul & Co.,* 10 *N. J. Mis. R.* 44. But an examination of those cases will show either that the issue to which the alleged error related was immaterial, or that the fact to which it related was conceded or otherwise fully proved; or that the evidence erroneously received was ineffective in any event; or that it was made competent by later developments at the trial.

Now, taking up the precise point raised; the state offered a Pennsylvania certificate of birth. It was not exemplified as required by statute. Hence, it was not competent and the prosecutor admits this in his brief. The court said, "it appears to me an exemplified copy is necessary where a record is introduced without corroborating evidence as in this case. I will admit it as corroborative of her testimony."

As we have said, the age of the girl was the crux of the case. This was no side issue. It was the issue.

Now, the evidence of her age was:

(a) Testimony of the mother (who, by the way, procured the birth certificate and may well have relied on it in testifying).

(b) Testimony of the girl which, though admissible, is essentially hearsay.

(c) The certificate admitted as (and only because held to be corroborative of the mother's testimony).

The prosecutor correctly points out that testimony of inconsistent statements by the girl is not direct evidence of her age; but at least it is impeachment, and goes to the truth of her testimony of her age; and if it breaks it down that testimony falls.

It is true there is nothing in contradiction except perhaps the testimony of Dr. Denniston, that she was a fully matured girl, as fully as if she were eighteen; but we are clear that the incompetent certificate not only must have been relied on by the jury, but may well have been relied on by the mother in fixing the date of birth, particularly as the mother went to Philadelphia to get it. The father, though sworn, gave no testimony of the girl's age.

We think there was harmful error in the admission of the certificate and that for this error the judgment must be reversed.